IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WALTER HOLLOWAY,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>METROTECH/METROPOLITAN SECURITY CONTRACTS OF SINGLE PROPRIETORSHIP UNDER BIDDING COMPETITION,<br><br>　　　　　Defendant. | 8:23CV396<br><br>**MEMORANDUM AND ORDER** |

On September 5, 2023, Plaintiff Walter Holloway filed an unsigned Complaint, Filing No. 1. On September 6, 2023, the Clerk of Court advised Plaintiff that his Complaint was unsigned and therefore deficient. The Clerk of the Court directed Plaintiff to "correct the deficiency" (i.e., file a signed Complaint) within 14 days, or the pleading "may be stricken from the record of this case." Filing No. 2 (text order). To date, Plaintiff has not filed a signed copy of his Complaint. However, as Plaintiff is proceeding in forma pauperis, *see* Filing No. 7, the Court finds the Complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2), regardless of the lack of signature.

## I. SUMMARY OF COMPLAINT

Plaintiff's Complaint, Filing No. 1, is incomprehensible. Plaintiff does not even identify himself as the plaintiff in this action but instead identifies "UNO-Security Employment Records of Handicap fighting on Campus [sic] of same sex Insanity Domestic Violence/Overturning Appeal's" as the plaintiff in the caption and "Metro Security/Metro Bus Advertisement" as the plaintiff

in the Complaint's body. Filing No. 1 at 1. Plaintiff does not allege any grounds for the Court's federal subject matter jurisdiction. Plaintiff appears to allege he was sexually assaulted on a bus, but he offers no facts as to when or where this happened or who assaulted him. Plaintiff also seems to allege he was "hanged and burned" after he was assaulted, and he included a newspaper clipping from August 21, 2023, with a picture featuring youth in Ceresco, Nebraska, and claims he is one of the youth pictured "at the camp where they claim to have brought me at a [sic] Auction that the person did it to avoid charges of 1st degree assault." Filing No. 1 at 3. Plaintiff seeks damages as relief.

## II. APPLICABLE STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation

involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

Because this Court can identify no federal statutory or constitutional provision that would give rise to a plausible claim for relief against any named defendant, and because Plaintiff's allegations are completely unintelligible and without a factual or legal basis, this action should be dismissed on initial review.[1] *See Denton v. Hernandez*, 504 U.S. 25, 32-34 (1992) (court may dismiss complaint of plaintiff proceeding in forma pauperis as frivolous and may disregard clearly baseless, fanciful, fantastic, or

---

[1] The Court notes that numerous actions filed by Plaintiff in this Court have been dismissed as frivolous. *See Holloway v. Phone Tech*, No. 8:22CV259, 2022 WL 13823656 (D. Neb. Oct. 21, 2022); *Holloway v. Holloway*, No. 8:21CV334, 2021 WL 4307110 (D. Neb. Sept. 22, 2021); *Holloway v. Vetran's Affs. United State Gov't, of Tialand Refugee's within U.S.*, No. 8:21CV141, 2021 WL 3492781 (D. Neb. Aug. 9, 2021); *Holloway v. Held Records of DMV*, Case No. 8:21CV207, 2021 WL 3287537 (D. Neb. Aug. 2, 2021); *Holloway v. Fahey*, No. 8:20CV490, 2021 WL 24716 (D. Neb. Jan. 4, 2021); *Holloway v. Erasing How Off. Identity to Qualify for Bounty Hunters*, No. 8:20CV480, 2021 WL 24715 (D. Neb. Jan. 4, 2021); *Holloway v. Metro Bus*, No. 8:20CV426, 2020 WL 6146468 (D. Neb. Oct. 20, 2020); *Holloway v. DMV Dep't of Motor Vehicles, et al.*, Case No. 8:19CV326, 2019 WL 3554816 (D. Neb. Aug. 5, 2019); *Holloway v. False Address to Avoid Relief of Court*, Case No. 8:19CV127 (D. Neb. Apr. 19, 2019); *Holloway v. Omaha Public Power District, et al.*, Case No. 8:18CV208, 2018 WL 2320644 (D. Neb. May 22, 2018); *Holloway v. Maria, et al.*, Case No. 8:18CV135 (D. Neb. Apr. 10, 2018), *aff'd*, No. 18-1806 (8th Cir. Aug. 13, 2018); *Holloway v. Maria, et al.*, Case No. 8:18CV108, 2018 WL 11308652 (D. Neb. Apr. 10, 2018), *aff'd*, No. 18-1857 (8th Cir. Aug. 13, 2018); *see also Holloway v. 130% Loan Sharks*, No. 8:21CV128, 2021 WL 1873461 (D. Neb. May 10, 2021) (dismissal for failure to state a claim); *Holloway v. Brown*, No. 8:20CV495, 2021 WL 917120 (D. Neb. Mar. 10, 2021) (dismissal for failure to state a claim); *Holloway v. MUUD, et al.*, Case No. 8:18CV560 (D. Neb. Jan. 7, 2019) (dismissal for failure to prosecute and to comply with court orders); *Holloway v. Omaha Work Staffing, et al.*, No. 8:18CV497, 2019 WL 77431 (D. Neb. Jan. 2, 2019) (dismissal for failure to state a claim).

The Court also imposed additional filing restrictions on Plaintiff's submissions to this Court after this case was filed. *See Holloway v. Med. Recs. of Surgery & Lose of Lisence Vision Impaired*, No. 8:24CV419, 2025 WL 254830 (D. Neb. Jan. 21, 2025).

delusional factual allegations); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (dismissing complaint as frivolous and stating that "[a] complaint is frivolous when it lacks an arguable basis in either law or fact" (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989))). Plaintiff will not be granted leave to amend his Complaint because such amendment would be futile. *See Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 719-20 (8th Cir. 2014) (district courts can deny motions to amend when such amendments would be futile, such as claims that are frivolous or could not withstand a 12(b)(6) motion to dismiss); *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) ("frivolous claims are futile"); *Filipe v. FBI*, No. 8:18CV215, 2018 WL 11249338, at *1 (D. Neb. June 1, 2018) ("the court will dismiss this action as frivolous and with prejudice as the defects in the Complaint cannot be remedied through more specific pleading").

Accordingly,

IT IS ORDERED:

1. Plaintiff's Complaint, Filing No. 1, is dismissed as frivolous.
2. Judgment will be entered by separate document.

Dated this 22nd day of September, 2025.

BY THE COURT:

*[signature: John M. Gerrard]*

John M. Gerrard
Senior United States District Judge